# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## ALEXANDRIA DIVISION

SHANNON WAYNE HORTON,
AND MELANIE HORTON

CIVIL ACTION NO:_____

VERSUS

JUDGE:_____

CHIEF BOBBY CORNER,
DEPUTY VICTOR GREENHOUSE,
AND BUNKIE POLICE DEPARTMENT

MAGISTRATE JUDGE:

_____

---

## ORIGINAL COMPLAINT FOR DAMAGES

---

**NOW COMES** , complainant, Shannon Wayne Horton and Melanie Horton,

hereinafter simply referred to as Horton unless designated otherwise, who file this

Original Complaint for Damages and in support hereof respectfully represents unto

this Honorable Court as follows:

## JURISDICTION

1.      Horton's causes of actions herein are grounded upon the United States

Constitution, the Constitution of the State of Louisiana, the Federal Civil Rights Act,

42 U.S.C. § 1983, et seq., the laws of the State of Louisiana, Louisiana Civil Code art.

2315 et seq., and all other applicable federal and state laws. The jurisdiction of this Honorable Court is conferred by Article III, Sect. 2, cl. 1, of the United States Constitution, by virtue of the Court's original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a)(3), and claims brought pursuant to Louisiana law falling within this Court's supplemental jurisdiction conferred by 28 U.S.C. § 1367.

## VENUE

2. Plaintiff currently resides in Vermillion Parish, Louisiana, which is in this District and Division; the claims herein arose in Avoyelles Parish, State of Louisiana, also venue primarily contained within the jurisdiction of this court. Further, the nature of the claims made herein are within the jurisdiction of this honorable Court and, as such, venue properly lies in this court pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Shannon Wayne Horton and Melanie Horton, are persons of the full age of majority and citizens of the United States and were at all times pertinent hereto domiciled in Vermillion Parish, Louisiana.

4. Bunkie Police Department Deputy, Victor Greenhouse is a resident of Avoyelles Parish, Louisiana, made defendant in his official capacity as a duly appointed Deputy of the Bunkie Police Department.

5. Defendant Chief of Bunkie Police Department, Bobby Corner(sometimes

hereinafter referred to as "Chief") is named as a defendant herein in his official capacity as the duly appointed Police Chief of the Town of Bunkie. This defendant is a Louisiana resident and is domiciled in Avoyelles Parish in the Western District of Louisiana.

The defendants, Deputy Greenhouse and Chief Corner can be served at their place of work, Bunkie Police Department, 438 NW Main Street, Bunkie, Louisiana 71322. Service of process is requested.

6.     Made Defendant herein is the Town of Bunkie Louisiana, located in the Parish of Avoyelles, which is a political subdivision under the Louisiana Law, specifically, Louisiana Revised Statute 13:5102, which is authorized to operate and operating within the jurisdiction of the Western District of Louisiana, said political subdivision operated by its elected Mayor, Mike Robertson, with its principal place of operation's being the Bunkie Town Hall, located for all purposes herein at 105 Walnut Street, Bunkie, Louisiana 71322.

7.     Upon information and belief, Bunkie Mayor, Mike Robertson, is the duly elected official responsible for the appointment of Police Chief Bobby Corner and that the Defendant "Chief" is responsible for the appointment/hiring of Deputy Greenhouse, thereby rendering the Town of Bunkie, through its Duly elected Mayor liable, in solido, for all actions of the Defendants Chief and Deputy of the Bunkie Police Department through the legal doctrines of respondeat superior, all as more

fully described herein for all damages, fees, costs, and expenses described herein for all of the reasons cited below.

## COMMON FACTS ALLEGED IN SUPPORT OF ALL CAUSES OF ACTION

8      On or September 5, 2016, the complaint, Shannon Horton, dialed 911 and requested police officer assistance to respond to a minor, twenty dollar ($20) dispute which arose between Horton and employees of a local business establishment, "*Cajun Crunchy Chicken*" Business located at 732 NW Main Street in Bunkie, Louisiana.

9.      At all pertinent times herein, Horton, was a retired police officer who had previously been employed by the Bunkie Police Department as well as the Avoyelles Parish Sheriff's Department, but had retired from law enforcement due to physical disabilities, including but not limited to a recent major back surgery, that prevented him from continuing gainful employment. Due to Horton's physical disabilities, he dialed 911 on the date of the incident in question to insure that the dispute which arose would not escalate into any form of dispute that would have any chance of causing further disability, injury, and/or aggravation of Horton's already disabling physical condition.

10.      The incident from which this complaint arises occurred on a National Holiday, namely Labor Day, September 5th 2016, and took place at "Cajun Crispy

Chicken", located at 732 NW Main Street in Bunkie, Louisiana.

11. On the aforesaid date and location, Horton pulled up at a drive through of Cajun Crispy Chicken and attempted to place an order for fried chicken which he intended to take to the residence of, and consume with Horton's family members residing in Bunkie Louisiana.

12. In the process of attempting to purchase chicken for himself and family members, Horton, was told by employee(s) of Cajun Crispy Chicken that the cost of the aforesaid chicken would be under twenty dollars ($20) thereafter resulting in Horton giving an employee stationed at the drive through of Cajun Crispy Chicken a twenty ($20) dollar. To the surprise of Horton, he was thereafter told by the aforesaid employee(s) of Cajun Crispy Chicken that the establishment was out of chicken and his order would not be filled. Horton thereafter naturally requested the return of his twenty ($20) dollar bill and a dispute arose when the employee(s) of Cajun Crispy Chicken informed Horton that he had not paid or given any money whatsoever to the employees of Cajun Crispy Chicken. Rather than debate whether money had in fact been transferred between Horton and Cajun Crispy Chicken at the drive through, Horton advised that he would come in and speak to the employees and/or the manager of the establishment, Prior to entry into Cajun Crispy Chicken and in order to alleviate any cause for concern to injury, Horton sought the aid of the Bunkie Police Department by dialing 911 and asking

them to come to the scene of the dispute. Thereafter, and for the same reasons stated aforesaid Horton phoned his brother, Brandon Horton, an actively employed Deputy of Avoyelles Parish Sheriff's Department, informed his brother what was transpiring, and requested his assistance as well. Brandon Horton, informed his brother that he was exiting the shower at the time but that he would come to the location as soon as he could. By the end of the conversation between the Horton Brothers, the Complainant, Shannon Horton, informed Brandon Horton that units from the Bunkie Police Department were arriving on scene. Not expecting anything other than the aid in resolving this minor dispute both brothers Horton voiced relief at the arrival of the Bunkie Police Department as they ended their conversation.

13.     Complainant Horton thereafter exited his vehicle and entered the establishment, where he gave his statement to uniformed Deputies of the Bunkie Police Department who informed Horton that they would next take a statement from employees of Cajun Crispy Chicken and asked Horton to await the conclusion of the Deputies investigation.

14.     Attempting to comply with the Deputies of the Bunkie Police Department, Horton stepped outside the restaurant to smoke a cigarette while he waited.

15.     To the surprise and dismay of Horton, a third Deputy from the

Bunkie Police Department, Deputy Victor Greenhouse, *Defendant herein*, had arrived on the scene and Deputy Greenhouse thereafter began cursing and yelling at Horton, to "get his ass back inside" the restaurant. Surprised at being cursed and yelled at by Deputy Greenhouse, Horton attempted to explain that he had already given a statement to the two deputies that had arrived on the scene originally and that he was simply stepping outside to smoke a cigarette and await the original Deputies request. Greenhouse surprised Horton again by yelling his original demand "Boy, I told you to get your ass inside."

16.    Horton complied with the demands of the Defendant Deputy Greenhouse, by re-entering the Cajun Crispy Chicken restaurant without making any form of threat to Greenhouse or anyone else, Horton responded to Greenhouse stating that he would re-enter the facility but that Greenhouse did not have to yell at Horton as he had done.

17.    In reply to Horton's verbal compliance and effort to speak to Greenhouse in a civil, respectful manner, the Defendant Greenhouse, physically attacked Horton, grabbing him, lifting Horton into the air ad driving Horton head first into the concrete floor of the facility, rendering Horton unconscious, and Greenhouse thereafter proceeded to kick and/or stomp Horton as he lay unconscious and helpless on the floor of the restaurant, resulting in serious, permanent and disabling injuries to Horton's head, neck, torso, and spine causing

multiple broken ribs, collapsed lung(s) and a traumatic brain injury to Horton, without cause. At no times herein did Horton threaten Greenhouse or anyone during the occurrence of the aforesaid, making all the actions of Greenhouse ane excessive use of brutal and life threatening force, all directly in contravention of all policies and procedures for the use of force of the Bunkie Police Department and/or any police authority in the State of Louisiana or the United States of America.

18.     Avoyelles Parish Sheriff's Deputy Brandon Horton arrived on the scene of the aforesaid incident after all of the actions and injuries had occurred. Deputy Horton inquired what had happened as he witnessed his brother laying on his back in a pool of blood on the floor of Cajun Crispy Chicken. The Defendant Greenhouse, not knowing the relationship between the Complainant Horton and Deputy Horton, bragged that this "guy" meaning Complainant Horton, had gotten "smart" with Greenhouse and that Greenhouse had "slammed him to the floor as a result."

19.     Deputy Brandon Horton exited the building and phoned the wife of his injured brother, Melanie Horton, to inform her that the ambulance would take his Brother , Shannon Wayne Horton, Complainant herein, to Our Lady of Lourdes Hospital in Lafayette, Louisiana and that she should meet the ambulance at the hospital. After hanging up the phone, one of the original deputies, a female

deputy of the Bunkie Police Department, named "Mia" asked Brandon Horton if he knew the injured man and Brandon Horton acknowledged that the unconscious man on the floor of the restaurant was in fact his brother. Upon overhearing the conversation and learning the relationship between the Horton brothers, the Defendant, Victor Greenhouse, quickly exited the scene in a Bunkie Police Unit.

20.    Several days after the aforesaid, the Mayor of Bunkie went to the Bunkie Police Department seeking a police report of the incident in an effort to determine what had transpired and was told by the Chief of Police, Bobby Corners , Defendant Herein, that no police report o statements have been prepared as no criminal charges were outstanding or expected to be brought against the complainant, Shannon Wayne Horton. To date, upon information and belief, no criminal charges have ever been raised against the Complainant, Shannon Wayne Horton.

## CAUSES OF ACTION

### COUNT ONE - Federal Claims

21.    Plaintiff realleges all facts stated above.

22.    At all times relevant hereto, Deputy Greenhouse was employed by the City of Bunkie, and was duly appointed officer and representative of Chief Corner and the City of Bunkie. Furthermore, Deputy Greenhouse was acting under color of state and local law, to-wit, under color of statute, ordinances,

regulations, policies, customs and usages of the Sate of Louisiana and the City of Bunkie.

23. The actions of Officer Robinson, which were taken while acting under the color of law as described in the preceding paragraph, deprived Shannon of the following clearly established and well-settled Constitutional rights, to-wit:

a. Freedom from excessive, unnecessary, and/or unreasonable use of force as guaranteed by the Fourth Amendment of the United States Constitution;

b. Freedom from unreasonable seizure as guaranteed by the Fourth Amendment of the United States Constitution;

c. Right to equal protection and application of the law under the Fourteenth Amendment of the United Stated Constitution;

d. Right to due process of law under the Fourteenth Amendment of the United States Constitution.

24. The Constitutional rights of Shannon Wayne Horton that were deprived by Defendants, including but not limited to the prohibition to the use of excessive force under the circumstances, were clearly established. Any reasonable person should have known that excessive force was unreasonable under the circumstances described herein, and there were no extraordinary circumstances that might reasonably have required the use of excessive force

against Shannon during the subject incident. Deputy Greenhouse had no reasonable basis to believe his conduct was lawful, and all conduct by Deputy Greenhouse complained of herein was objectively unreasonable in light of clearly established constitutional rights. Accordingly, Deputy Greenhouse is not entitled to qualified immunity.

25.   The foregoing constitutional violations and torts were committed as a result of the policies, customs and procedures of Chief Corner and the City of Bunkie, through its officers, agents, and representatives, and, upon information and belief, it was the policy, custom and/or practice of these Defendants to:

   a.   hire persons such as Deputy Greenhouse who are unqualified to serve as law enforcement patrol officers;

   b.   inadequately and improperly train and supervise its employees in proper police procedure, including but not limited to the proper use of force;

   c.   inadequately and improperly train and supervise its employees in Constitutional protections and safeguards of individual.

26.   Further, upon information and belief, the inadequate training and supervision of Deputy Greenhouse was known to Defendants, Chief Corner and City of Bunkie, through its officers, agents, and representatives, prior to the actions taken by Deputy Greenhouse against Shannon.

27.   Defendant Chief Corner allowed Deputy Greenhouse to serve in the capacity of patrol officer when he knew Deputy Greenhouse did not possess the

requisite training and expertise in police procedure necessary for the protection of the Constitutional guarantees of persons such as Shannon. Chief Corner knew or should have known that Deputy Greenhouse 's lack of training made it foreseeable that Deputy Greenhouse would violate the Constitutional rights of persons similarly situated to Shannon by use of excessive force.

28. The above-described conduct constitutes one or more violations of 42 U.S.C. 1983, et seq. for which Plaintiff seeks declaratory and injunctive relief and compensatory damages from Greenhouse in his official and individual capacities, from Corner, in his official capacity, and against City of Bunkie, including pain and suffering, loss of wages and earning capacity, medical expenses, humiliation and loss of dignity, loss of enjoyment of life, and other compensatory general and special damages, and for punitive damages in amounts to be awarded by the jury. Plaintiff seeks all such awards against the defendants, jointly and severally.

## COUNT TWO - State Law Constitutional Claims

29. Plaintiff realleges all facts stated above.

30. The actions of Deputy Greenhouse and Chief Corner, which were taken while acting under the color of law as described in the preceding paragraphs, deprived Shannon of the following clearly established and well-settled rights under the Constitution of the State of Louisiana of 1974, to-wit:

a. Freedom from unreasonable seizure as guaranteed by Article 1,

Section 5;

b.   Freedom from excessive and/or unnecessary use of force as guaranteed by Article 1, Section 5;

c.   Right to equal protection and application of the law under Article 1, Section 3; and,

d.   Right to due process of law under Article 1, Section 2.

31.   The above-described conduct constitutes one or more violations of Plaintiff's constitutionally guaranteed rights for which Plaintiff seeks declaratory and injunctive relief and compensatory damages, including pain and suffering, loss of wages and earning capacity, medical expenses, humiliation and loss of dignity, loss of enjoyment of life, and other compensatory general and special damages. Plaintiff seeks all such awards against the defendants, jointly and severally.

## COUNT THREE - State Law Tort Claims

32.   Plaintiff realleges all facts stated above.

33.   Deputy Greenhouse owed Plaintiff the duty of reasonable care, individually and in his official capacity, and breached such duty by use of excessive force as described hereinabove. The foregoing incident, injuries and damages were caused by the fault and/or negligence of Deputy Greenhouse by breach of duties imposed by the laws of the State of Louisiana including, but not limited to, Louisiana Civil Code article 2315, et seq., in the following

non-exclusive particulars:

   a.   use of force that was excessive, unreasonable and unnecessary under the circumstances.

34.   Chief Corner and City of Bunkie owed Plaintiff the duty of reasonable care in the hiring, training, and supervision of police officers. The foregoing incident, injuries and damages were caused by the fault and/or negligence of Chief Corner and City of Bunkie by breach of duties imposed by the laws of the State of Louisiana including, but not limited to, Louisiana Civil Code article 2315, et seq., in the following non-exclusive particulars:

   a.   Negligent and reckless hiring, training and supervision of Deputy Greenhouse;

   b.   Negligent and reckless failure to adopt and implement policies and procedures pertaining to hiring, training, and supervision of police officers; and

   c.   Negligent and reckless failure to adopt and implement policies and procedures pertaining to use of excessive force.

35.   As the employer of Deputy Greenhouse and Chief Corner, the City of Bunkie is liable unto Plaintiff for his injuries and damages proximately caused by the above described acts and omissions of Deputy Greenhouse and Chief Corner pursuant to Louisiana Civil Code article 2320 and the doctrine of respondeat superior.

Shannon Wayne Horton, and Melanie Horton suffered mental anguish and

emotional distress as a result of witnessing the defendants' attack upon their father and are entitled to recover damages under Louisiana Civil Code, Article 2315.6.

## INJURIES AND DAMAGES - ALL CAUSES OF ACTION

36.   The foregoing acts and omissions of the Defendants Greenhouse, Corner, and City of Bunkie were both the direct and proximate cause of the injuries and harm to Shannon Wayne Horton and the resulting damages he sustained as described herein.

37.   As a result of the above-described incident, Defendants Greenhouse, Corner, and City of Bunkie are liable to Shannon Wayne Hortonfor the following:

    a.   past, present and future physical pain and suffering;

    b.   past, present and future mental anguish, mental pain and suffering, including but not limited to humiliation, stress, depression, anxiety, and fear;

    c.   past, present and future medical expenses;

    d.   scarring and disfigurement;

    e.   past, present and future loss of enjoyment of life;

    f.   past loss of earnings and future loss of earning capacity; and

    g.   attorney fees, expert fees, costs and any other items of damages which may be proven at trial on the merits.

38.   As a result of the above-described incident, injuries and damages, Defendant, Deputy Greenhouse is liable to Shannon Wayne Horton for punitive

damages as a result of his reckless disregard and/or callous indifference to the federally protected rights of Shannon Wayne Horton.

## REQUEST FOR JURY

39.     Shannon Wayne Horton respectfully prays for trial by jury on all matters so triable.

40.     Plaintiff is a citizen of this state and due to his poverty and lack of means, is unable to pay the present and future costs of this litigation, or to give bond for payment of same, and he is therefore entitled to all benefits and provisions of the Louisiana Code of Civil Procedure, Article 5181, et seq., which provides for lawsuits in forma pauperis.

## PRAYER

WHEREFORE, complainant, Shannon Wayne Horton and his wife, Melanie Horton, pray that this Honorable Court, after due proceedings and trial, award monetary damages and declaratory relief in favor of complainant and against defendants, Chief Bobby Corner, Deputy Victor Greenhouse, and Bunkie Police Department for the following:

a)     Compensatory damages against the defendants in an amount reasonable in the premises;

b)     Treble, punitive or exemplary damages against the defendant, Deputy Greenhouse, in his individual and official capacities;

c)     Declaratory relief where appropriate;

all costs of court;

e)   Legal interest on all of the above amounts from the date of judicial demand until paid;

f)   That he be allowed to proceed in forma pauperis; and,

g)   Such other relief as this Court may deem appropriate.

Respectfully submitted,

DOUCET-SPEER
A PROFESSIONAL LAW
CORPORATION
617 St. John Street
P. O. Drawer 4303
Lafayette, LA 70502
(337) 232-0405
(337) 237-3415 Fax

                s/Jeffery F. Speer
BY:_____
        **JEFFERY F. SPEER (#19398)**

ATTORNEYS FOR Shannon Wayne Horton and his wife, Melanie Horton

## VERIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, the undersigned Notary Public, duly commissioned in and for the state and parish aforesaid, personally came and appeared:

**Shannon Wayne Horton**

Who after being duly sworn did depose and state that he has read the complaint and that he knows that the statements contained herein are true and correct to the best of his knowledge, information and belief.

_____
Shannon Wayne Horton

SWORN TO AND SUBSCRIBED BEFORE ME, Notary Public, this 27th day of Sept.

_____, 2016.

_____
Notary Public (# 36009 )  Expires on Death

_____
Notary Printed Name