UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

SHANNON WAYNE HORTON, ET AL          CIVIL ACTION NO. 1:16-cv-1358

VERSUS                               JUDGE TRIMBLE

BOBBY CORNER, ET AL                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Motion for Leave to Amend**

Plaintiffs commenced this action by filing a civil rights complaint, the body of which named three defendants: (1) Victor Greenhouse, a deputy of the Bunkie Police Department; (2) Bobby Corner, Chief of the Bunkie Police Department; and (3) the Town of Bunkie, Louisiana. The caption of the complaint, however, listed Corner, Greenhouse, and "Bunkie Police Department" as defendants. Plaintiffs also submitted a proposed summons for service on "Bunkie Police Department." Those references to the Bunkie Police Department led the Clerk of Court to add "Police Department of Bunkie" as an additional Defendant.

Plaintiff filed a return of service for the Bunkie Police Department, but the Clerk of Court issued a notice of intent to dismiss after there was no answer or request for default with respect to that defendant. Doc. 13. The undersigned saw the notice and followed up with an order (Doc. 14) that noted that (1) the body of the complaint did not actually name the Bunkie Police Department as a defendant and (2) it is generally recognized that municipal police departments are not legal entities capable of being sued. The order cited Doucet v.

<u>City of Bunkie</u>, 2005 WL 01893 (W.D. La. 2005), in which Chief Judge Drell held that "the Bunkie City Police Department is not a juridical entity amenable to suit." Accordingly, the undersigned directed the Clerk of Court to terminate "Police Department of Bunkie" or "Bunkie Police Department" as a defendant.

Six days later, Plaintiffs filed a Motion to Amend Complaint (Doc. 15) that is now before the court. The motion states that Plaintiffs wish to amend the complaint "by adding Bunkie Police Department as a Defendant." The proposed amended pleading merely states that the police department is added as a defendant. There is no memorandum or allegations in the proposed amendment that explain why Plaintiffs desire to amend their complaint to add a defendant that the court has explained is not recognized as a legal entity that may be sued. The Town of Bunkie and Chief of Police Bobby Corner oppose the proposed amendment on the grounds that it is futile.

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires. The court ordinarily allows timely requests to amend unless there is a substantial reason such as bad faith or undue prejudice to the opposing party. <u>Martin's Herend Imports v. Diamond & Gem Trading</u>, 195 F.3d 765 (5th Cir. 1999). But denial of leave to amend is also warranted if the proposed amendment is futile, such as when the proposed amendment fails to state a claim on which relief could be granted. <u>Stripling v. Jordan Production Co.</u>, 234 F.3d 863, 873 (5th Cir. 2000).

A municipal police department must enjoy a separate legal existence if it is to be

sued.  The true political entity, in this case the Town of Bunkie, must have taken explicit

steps to grant the servient agency with authority to engage in litigation.  Darby v. Pasadena

Police Dept., 939 F.2d 311, 313 (5th Cir. 1991). It is unlikely that is the case for the Bunkie

Police Department. See Doucet v. City of Bunkie; Martin v. Davis, 2007 WL 763653 (E.D.

La. 2007) ("Under Louisiana law, police departments are not juridical entities capable of

suing or being sued."); and Thibodeaux v. Lafayette City Police Department, 2013 WL

6194898 (W.D. La. 2013) ("The Lafayette Police Department is not a juridical person

capable of being sued.").  Unless Plaintiffs identify a law that makes the Bunkie police

department more than merely a department of the town, the naming of the department as a

defendant is meaningless. Plaintiffs have named as a defendant the Town of Bunkie, and it

is the town that is usually the proper party in such cases.

For these reasons, Plaintiffs' **Motion for Leave to Amend Complaint (Doc. 15)** is

**denied**.  If Plaintiffs have legal authority that the Bunkie Police Department has been granted

a separate legal existence, they may renew their request and cite such authority.

## Motion for More Definite Statement

Defendant Victor Greenhouse has filed a motion for more definite statement that seeks

clarification of whether he is being sued in his individual/personal or official capacity.  The

difference is explained in  Kentucky v. Graham, 473 U.S. 159,  105 S.Ct. 3099 (1985) and

Hafer v. Melo, 112 S.Ct. 358 (1991).

An official-capacity suit is, in all respects other than name, to be treated as a suit

against the entity, in this case the town. The only reason to bring an official capacity claim is to seek injunctive relief against a state official under the Ex Parte Young doctrine when the state itself is immune from suit under the Eleventh Amendment.  But municipalities such as the Town of Bunkie are not immune  under the Eleventh Amendment, so there is no need to assert an official capacity claim against a municipal employee. Graham, 105 S.Ct. at 3106, n. 14 ("There is no longer a need to bring official-capacity actions against local government officials ...").   Based on these principles, courts have held that when the town or local government itself is a defendant, claims against town employees or officers in their official capacities are redundant and appropriate for dismissal.   Hooker v. Campbell, No. 16-CV-0229, 2016 WL 6892924, at *3 (W.D. La. 2016) (collecting cases).

When a complaint is not clear about capacity, the "course of proceedings" will typically indicate the nature of liability sought to be imposed. Graham, 105 S.Ct. at 3106, n. 14.  When a town police officer is accused of excessive force and the like, the course of the proceedings plainly indicate that the claims are against the officer in his individual or personal capacity. "Personal-capacity suits ... seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 112 S.Ct. at 362. Thus, it is almost certain that the only viable claim that Plaintiffs have against Greenhouse is a personal/individual capacity claim.

Counsel are directed to consider these principles in the discussion or briefing of the pending motion for more definite statement. It may be that what should be a rather simple

issue can be resolved by an agreed amendment to the complaint, a stipulation, or other arrangement that will avoid undue delay and expense.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of May, 2017.

Mark L. Hornsby
U.S. Magistrate Judge